Stacy -
Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California  95112
Telephone (408) 298-2000
Facsimile  (408) 298-6046
Email:  tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD MOORE, | No.  1:13-CV-01301-AWI-SMS |
| Plaintiff, | **STIPULATION GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT;  ORDER THEREON** |
| vs. | |
| JOHNNY QUIK FOOD STORES, INC., dba JOHNNY QUIK FOOD STORES #175, et al., | |
| Defendants. | |

1      **IT IS HEREBY STIPULATED** by and between Plaintiff, Ronald Moore ("Plaintiff"),

2  and Defendants, Johnny Quik Food Stores, Inc. dba Johnny Quik Food Stores #175 and Beal

3  Properties, Inc., a California Corporation (collectively "Defendants," and together with

4  Plaintiff, the "Parties"), the parties hereto, through their respective attorneys of record, that

5  Plaintiff may file a First Amended Complaint, a copy of which is attached hereto as Exhibit

6  "A."

7      **IT IS FURTHER STIPULATED** that Plaintiff will file his First Amended Complaint

8  within five (5) calendar days of the Court's Order permitting such filing, and that Defendants'

9  response thereto shall be filed within fourteen (14) days after the First Amended Complaint is

10  filed.

11      **IT IS SO STIPULATED**.

12  Dated:  November 26, 2013       MOORE LAW FIRM, P.C.

13

14                            */s/ Tanya E. Moore*

                          Tanya E. Moore

15                            Attorneys for Plaintiff,

16                            Ronald Moore

17  Dated:  November 27, 2013       WILD, CARTER & TIPTON

18

19                            */s/ Steven E. Paganetti*

                          Steven E. Paganetti

20                            Attorneys for Defendants,

21                            Johnny Quik Food Stores, Inc. dba Johnny Quik

                          Food Stores #175 and Beal Properties, Inc., a

22                            California Corporation

23

24

25

26

27

28

STIPULATION GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT; [PROPOSED] ORDER

1

## <u>ORDER</u>

2

The Parties having so stipulated and good cause appearing,

3

**IT IS HEREBY ORDERED** that Plaintiff file his First Amended Complaint, a copy of

4

which was filed with the Parties' stipulation, within five (5) calendar days of the date this

5

Order is filed.

6

**IT IS FURTHER ORDERED** that Defendants' response thereto shall be filed within

7

fourteen (14) days after the First Amended Complaint is filed.

8

9

**IT IS SO ORDERED**.

10

11

Dated:  12/2/2013                                    /s/ SANDRA M. SNYDER_____

12

                                                          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT; [PROPOSED]
ORDER

EXHIBIT A

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail:  tanya@moorelawfirm.com

5  Attorney for Plaintiff
   Ronald Moore

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11 RONALD MOORE,                        ) No.  1:13-CV-01301-AWI-SMS
                                        )
12          Plaintiff,                  ) **FIRST AMENDED COMPLAINT**
                                        ) **ASSERTING DENIAL OF RIGHT OF**
13      vs.                             ) **ACCESS UNDER AMERICANS WITH**
                                        ) **DISABILITIES ACT FOR INJUNCTIVE**
14 JOHNNY QUIK FOOD STORES, INC., dba   ) **RELIEF, DECLARATORY RELIEF,**
   JOHNNY QUIK FOOD STORES # 175;       ) **DAMAGES, ATTORNEYS' FEES AND**
15 BEAL PROPERTIES, INC., a California   ) **COSTS (ADA)**
   Corporation; GURMEJ SINGH dba JOHNNY )
16 QUIK FOOD STORES #175,               )
                                        )
17          Defendants.                 )
                                        )
18 _____ )

19

20                    **I. SUMMARY**

21      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22 discrimination at the building, structure, facility, complex, property, land, development,

23 and/or surrounding business complex known as:

24              Johnny Quik Food Stores # 175
                4395 W. Ashlan Avenue
25              Fresno, California  93722
                (hereafter "the Facility")
26

27      2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28 costs, against JOHNNY QUIK FOOD STORES, INC., dba JOHNNY QUIK FOOD

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

1   STORES # 175; BEAL PROPERTIES, INC., a California Corporation; and GURMEJ

2   SINGH dba JOHNNY QUIK FOOD STORES #175  (hereinafter collectively referred to as

3   "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101

4   et seq.) ("ADA") and related California statutes.

5                                   **II.   JURISDICTION**

6         3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

7   ADA claims.

8         4.     Supplemental jurisdiction for claims brought under parallel California law –

9   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

10        5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

11                                    **III.   VENUE**

12        6.     All actions complained of herein take place within the jurisdiction of the

13  United States District Court, Eastern District of California, and venue is invoked pursuant to

14  28 U.S.C. § 1391(b), (c).

15                                   **IV.   PARTIES**

16        7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

17  persons), firm, and/or corporation.

18        8.     Plaintiff requires the use of a wheelchair when traveling about in public.

19  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

20  United States laws, and a member of the public whose rights are protected by these laws.

21                                    **V.   FACTS**

22        9.     The Facility is a public accommodation facility, open to the public, which is

23  intended for nonresidential use and whose operation affects commerce.

24        10.    Plaintiff visited the Facility and encountered barriers (both physical and

25  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

26  goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally

27  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

28  about July 21, 2012:

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

a)      When Plaintiff parked at the Facility, he was unable to use the access aisle, as it was not properly marked and another vehicle had blocked it.

b)      After Plaintiff struggled with unloading from his car and wheeling towards the entrance, he discovered that the entrance door to the Facility was very heavy. Plaintiff experienced difficulty opening the door and found himself stuck between the door and the frame with the door hitting his wheelchair.

c)      While at the Facility, Plaintiff needed to use the restroom. Inside, he found that there were insufficient clearances and struggled with maneuvering his chair in and out of the stall.

d)      At the Facility, Plaintiff purchased a bag of ice. Plaintiff found that due to a lack of room to maneuver his chair between the ice chest and the heavy door, he could not get the door to open himself. Plaintiff was forced to ask for help to exit the Facility.

11.     The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.   Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns,

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

1  operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

2      18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

3  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

4  Facility during each visit and each incident of deterrence.

5                    Failure to Remove Architectural Barriers in an Existing Facility

6      19.     The ADA specifically prohibits failing to remove architectural barriers, which

7  are structural in nature, in existing facilities where such removal is readily achievable.  42

8  U.S.C. § 12182(b)(2)(A)(iv).

9      20.     When an entity can demonstrate that removal of a barrier is not readily

10  achievable, a failure to make goods, services, facilities, or accommodations available through

11  alternative methods is also specifically prohibited if these methods are readily achievable.

12  Id. § 12182(b)(2)(A)(v).

13      21.     Here, Plaintiff alleges that Defendants can easily remove the architectural

14  barriers at the Facility without much difficulty or expense, and that Defendants violated the

15  ADA by failing to remove those barriers, when it was readily achievable to do so.

16      22.     In the alternative, if it was not "readily achievable" for Defendants to remove

17  the Facility's barriers, then Defendants violated the ADA by failing to make the required

18  services available through alternative methods, which are readily achievable.

19                    Failure to Design and Construct an Accessible Facility

20      23.     Plaintiff alleges on information and belief that the Facility was designed and

21  constructed (or both) after January 26, 1992 – independently triggering access requirements

22  under Title III of the ADA.

23      24.     The ADA also prohibits designing and constructing facilities for first

24  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

25  with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

26      25.     Here, Defendants violated the ADA by designing and constructing (or both)

27  the Facility in a manner that was not readily accessible to the physically disabled public –

28  ///

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.     Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

## VII.  SECOND CLAIM

### Unruh Act

33.  Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.  California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.  California Civil Code § 51.5 also states, in part that:  No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.  Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.  Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.  Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.  Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.  Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint

1  Government Code § 4450.

2  43.  Health and Safety Code § 19959 states, in part, that: Every existing (non-

3  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4  structurally repaired, is required to comply with this chapter.

5  44.  Plaintiff alleges the Facility is a public accommodation constructed, altered,

6  or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

7  Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

8  § 19956.

9  45.  Defendants' non-compliance with these requirements at the Facility aggrieved

10  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

11  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

12  § 19953.

13  ### IX.  PRAYER FOR RELIEF

14  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

15  1.  Injunctive relief, preventive relief, or any other relief the Court deems proper.

16  2.  Declaratory relief that Defendants violated the ADA for the purposes of

17  Unruh Act damages.

18  3.  Statutory minimum damages under section 52(a) of the California Civil Code

19  according to proof.

20  4.  Attorneys' fees, litigation expense, and costs of suit.[2]

21  5.  Interest at the legal rate from the date of the filing of this action.

22  6.  For such other and further relief as the Court deems proper.

23  Dated: _____                         MOORE LAW FIRM, P.C.

24

25                                              _____

26                                              Tanya E. Moore
                                                Attorneys for Plaintiff,

27                                              Ronald Moore\

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Johnny Quik Food Stores, Inc., et al.*
First Amended Complaint